GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Lori Chang (SBN 228142)
ChangL@gtlaw.com
Heather J. Silver (SBN 285509)
SilverH@gtlaw.com
David H. Marenberg (SBN 329954)
MarenbergD@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel:  310-586-7700
Fax:  310-586-7800

Attorneys for Defendants
Zoetop Business Co., Ltd. and
Shein Distribution Corp.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DOLLS KILL, INC., a California corporation,<br><br>               Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; SHEIN DISTRIBUTION CORP., a Delaware Corporation; and DOES 1-10,<br><br>               Defendants. | Case No.: 2:22-cv-01463-RGK-MAAx<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of David H. Marenberg; Request for Judicial Notice and [Proposed] Orders]<br><br>Date:       September 19, 2022<br>Time:      9:00 a.m.<br>Place:     Courtroom 850<br><br>Judge:     Hon. R. Gary Klausner<br><br>Action Filed:  March 3, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 19, 2022, at 9:00 a.m. in Courtroom 850 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, defendants Zoetop Business Co., Ltd. and Shein Distribution Corp. (collectively, "SHEIN") will and hereby does move to dismiss, without leave to amend, Dolls Kill, Inc.'s ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. Proc. 12(b)(6).

Plaintiff does not state a claim for relief for: (1) direct infringement because to the extent there are any protectable elements of the alleged copyrighted works identified in this Motion, they are not sufficiently similar to SHEIN's alleged products; (2) contributory or vicarious copyright infringement because no specific facts are alleged to establish secondary liability, where Plaintiff's claim rests entirely on conclusory, formulaic recitals of the elements of each theory for relief, and is predicated on alleged direct infringement claims that also fail; and (3) violation of the DMCA, 17 U.S.C. § 1202, because Plaintiff cannot allege facts to establish falsification and/or removal or alteration of copyright management information ("CMI") where the accused products are not exact copies of Plaintiff's works; moreover, Plaintiff fails to allege facts to establish use of CMI and the specific scienter requirements associated with these claims.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declaration of David H. Marenberg in support, all pleadings and papers on file in this action, and such other written or oral argument as may be properly presented to the Court at or before the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 7, 2022.

1   Dated:  July 14, 2022                          GREENBERG TRAURIG, LLP

2                                      By:  */s/ Lori Chang*

3                                             Nina D. Boyajian

4                                             Lori Chang
                                             David H. Marenberg

5                                    Attorneys for Defendants Zoetop Business Co.,
                                    Ltd. and Shein Distribution Corp.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   PLAINTIFF'S ALLEGATIONS........................................................................2

III.  LEGAL STANDARD .........................................................................................2

IV.   ARGUMENT.......................................................................................................3

    A.    Plaintiff Cannot State a Claim for Copyright Infringement for at least 15 Designs Shown in Exhibit A to the SAC .....................................................3

        1.    Plaintiff Cannot State a Claim for Copyright Infringement of Designs Which Depict Well-Known Works of Art in the Public Domain ...........................................................................................4

        2.    The Merger and Scenes a Faire Doctrines Preclude Liability ............8

        3.    Plaintiff Cannot Claim Copyright Protection for Mere Ideas Where Expressive Elements of the Work are not Copied .................12

    B.    Plaintiff's Claims of Secondary Liability Are Devoid of Any Facts............15

    C.    Plaintiff Cannot State a Claim under the DMCA .........................................17

V.    CONCLUSION...................................................................................................20

i

TABLE OF CONTENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alan Ross Mach. Corp. v. Machinio Corp.*,
  No. 17-CV-3569, 2019 WL 1317664 (N.D. Ill. Mar. 22, 2019) ...........................18

*Apple Computer, Inc. v. Microsoft Corp.*,
  35 F.3d 1435 (9th Cir. 1994) ...........................................................................4, 11

*Appsoft Dev., Inc. v. Diers, Inc.*,
  No. 3:13-cv-1520-J-34JBT, 2014 WL 3893316 (M.D. Fla. Aug. 8, 2014) ...........20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................2

*Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*,
  803 F.3d 1032 (9th Cir. 2015) ............................................................................11

*Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*,
  No. 06-CV-1848 H(POR), 2008 WL 2120500 (S.D. Cal. May 20, 2008)...............9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................3

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ..............................................................................................18

*Davis v. Pinterest, Inc.*,
  No. 19-cv-07650-HSG, 2021 WL 879798 (N.D. Cal. Mar. 9, 2021).....................20

*Ets-Hokin v. Skyy Spirits, Inc.*,
  225 F.3d 1068 (9th Cir. 2000) ..............................................................................8

*Ets-Hokin v. Skyy Spirits, Inc.*,
  323 F.3d 763 (9th Cir. 2003) ................................................................................8

*Express, LLC v. Forever 21, Inc.*,
   No. CV 09-4514 ODW, 2010 WL 3489308 (C.D. Cal. Sept. 2, 2010)...................6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991)........................................................................................3, 4, 5

*Fischer v. Forrest*,
  968 F.3d 216 (2d Cir. 2020) ...............................................................................18

*Folkens v. Wyland Worldwide, LLC*,
   882 F.3d 768 (9th Cir. 2018) ............................................................. 8, 15

*Free Speech Sys., LLC v. Menzel*,
   390 F. Supp. 3d 1162 (N.D. Cal. 2019) ............................................. 17, 19

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
   No. 13–00496 SOM/BMK, 2015 WL 263556 (D. Haw. Jan. 21, 2015) *aff'd*, 70 F.
   App'x 674 (9th Cir. 2017) ...................................................................... 19

*Gardner v. Chevron Capital Corp.*,
   715 F. *App'x* 737 (9th Cir. 2018) ........................................................... 21

*Harrington v. Pinterest, Inc.*,
   No. 5:20-cv-05290-EJD, 2021 WL 4033031 (N.D. Cal. Sept. 3, 2021) ............... 20

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*,
   446 F.2d 738 (9th Cir. 1971) ................................................................ 15

*Kelly v. Arriba Soft Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999), *aff'd and rev'd in part on other grounds*,
   336 F.3d 811 (9th Cir. 2003) ................................................................ 19

*Kifle v. YouTube LLC*,
   No. 21-cv-01752-CRB, 2022 WL 1501014 (N.D. Cal. May 12, 2022) ............... 16

*L. Batlin & Son, Inc. v. Snyder*,
   536 F.2d 486 (2d Cir. 1976) .................................................................... 6

*Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*,
   No. 17 Civ. 8613 (JFK), 2018 WL 4830091 (S.D.N.Y. Dec. 4, 2018) ............... 18

*Ledesma v. Del Records, Inc.*,
   No. 2:15-cv-4266-ODW-GJSx, 2015 WL 8023002 (C.D. Cal. Dec. 4, 2015) ...... 16

*Ludvarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) .............................................................. 16

*Mattel, Inc. v. MGA Entm't, Inc.*,
   616 F.3d 904 (9th Cir. 2010) .......................................................... 4, 12, 15

*MGM Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ............................................................................ 16

*Michael Grecco Prods., Inc. v. Function(X) Inc.*,
   No. 18 Civ. 386 (NRB), 2019 WL 1368731 (S.D.N.Y. Mar. 11, 2019) ............... 19

*Michael Grecco Prods., Inc. v. Time USA, LLC*,
   No. 20-CV-4875, 2021 WL 3192543 (S.D.N.Y. July 27, 2021) .......................... 20

*O'Neal v. Sideshow, Inc.*,
    No. CV 21-7735 DSF (PLAx), 2022 U.S. Dist. LEXIS 79552 (C.D. Cal. Jan. 26,
    2022) ................................................................................................................19, 20

*Park v. Skidmore, Owings & Merrill LLP*,
    No. 17-cv-4473 (RJS), 2019 WL 9228987 (S.D.N.Y. Sept. 30,
    2019) ................................................................................................... *passim*

*Payne v. Manilow*,
    No. CV 18-3413 PSG (PLAx), 2019 WL 4143308 (C.D. Cal. Apr. 2, 2019) .......16

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) .............................................................................16

*Rentmeester v. Nike, Inc.*,
    883 F.3d *1111* (9th Cir. 2018), *overruled on other grounds by Skidmore v. Led
    Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ............................................................3, 4

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ...................................................................... *passim*

*Sega Enters. v. Accolade, Inc.*,
    977 F.2d 1510 (9th Cir. 1992) .............................................................................12

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*,
    804 F. App'x 668 (9th Cir. 2020) ........................................................................18

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
    137 S. Ct. 1002 (2017) ..................................................................................4, 12

*Star Fabrics, Inc. v. Zulily, LLC*,
    No. CV 17-8358 PSG (MRWx), 2018 WL 5264360 (C.D. Cal. Apr. 17,
    2018) ...................................................................................................................3, 8

*Stevens v. Corelogic, Inc.*,
    194 F. Supp. 3d 1046 (S.D. Cal. 2016), *aff'd*, 899 F.3d 666 (9th Cir.
    2018) ................................................................................................................18, 20

*Todd v. Montana Silversmiths, Inc.*,
    379 F. Supp. 2d 1110 (D. Colo. 2005).................................................................12

*Wiley v. Am. Greetings Corp.*,
    762 F.2d 139 (1st Cir. 1985)...................................................................................9

*YellowCake, Inc. v. DashGo, Inc.*,
    No. 1:21-CV-0803 AWI BAM, 2022 WL 172934 (E.D. Cal. Jan. 19, 2022)........16

*YZ Prods. v. Redbubble, Inc.*,
    545 F. Supp. 3d 756 (N.D. Cal. 2021)...........................................................16, 17

## Federal Statutes

17 U.S.C. § 101 ..................................................................................................4, 12

17 U.S.C. § 102(b) ....................................................................................................12

17 U.S.C. § 1202 ...................................................................................................1, 17

17 U.S.C. § 1202(c) ...................................................................................................18

## Regulations

37 C.F.R. § 202.1 ....................................................................................................8, 9

## Other Authorities

https://en.wikipedia.org/wiki/Dolls_Kill ....................................................................1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Dolls Kill, Inc. ("Plaintiff") asserts factually unsupported copyright claims against Zoetop Business Co., Ltd. and Shein Distribution Corporation (collectively "SHEIN"), for allegedly infringing Plaintiff's designs as used on apparel. Both parties operate in the fast fashion market, which is known for "rapidly producing products meeting the latest trends." SAC (ECF No. 16) ¶ 14. Plaintiff itself has been sued numerous times for copyright infringement (including by the firm that now represents Plaintiff in this case), and following a string of recent controversies (plus public backlash by internet users and celebrities advocating a boycott, *see* https://en.wikipedia.org/wiki/Dolls_Kill), has lodged suits against fashion retailers for profits and damages for sales of allegedly similar trendy designs. Here, Plaintiff asserts claims for direct copyright infringement, vicarious and/or contributory infringement, and violations of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202, but as discussed below, Plaintiff's claims are overreaching.

While Plaintiff accuses SHEIN of selling clothes with similar designs that allegedly infringe its copyrights, many of SHEIN's accused products do not infringe Plaintiff's "two-dimensional artworks," as shown on the face of the pleadings. No company has the right to monopolize basic design concepts or works in the public domain, and as discussed below, Plaintiff's alleged copyrights are entitled to only "thin" protection at best. As side-by-side comparisons in the SAC show, after filtering out the unprotectable elements – including well-known artwork (e.g., tarot cards, paintings), and commonplace imagery and concepts (e.g., hearts, strawberries, spiders) – SHEIN's alleged designs are not sufficiently similar to the protected elements of Plaintiff's works (if any) to establish infringement.

Additionally, Plaintiff's claims for indirect copyright infringement and violation of the DMCA based on removal and/or falsification of copyright management information ("CMI") are subject to dismissal because they are based on legal conclusions devoid of any factual support. In particular, Plaintiff does not (and cannot) allege facts to establish knowledge of the specific infringing products to support its contributory liability claim, or

similar scienter elements of the DMCA claims. Nor can Plaintiff establish falsification or removal of its CMI where the accused products are different from Plaintiff's alleged works. Accordingly, Plaintiff's second and third claims for relief are subject to dismissal.

For the reasons set forth below, SHEIN's motion should be granted with prejudice.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff is allegedly a "fashion retailer" that develops its "own original brands, products, and designs." SAC ¶ 11. Plaintiff alleges ownership of copyright registrations for "original two-dimensional artworks" embodied in the garments shown in Exhibit A to the SAC. *Id.* ¶ 17. Because Plaintiff does not attach copies of any of its alleged registrations, for purposes of this motion only, SHEIN assumes that the copyrighted works are identical to the designs shown on Plaintiff's products alleged in Exhibit A to the SAC.

Plaintiff asserts no allegation specifically distinguishing the conduct between Zoetop and SDC, but alleges that both defendants infringed its copyrighted designs. *See, e.g.*, SAC ¶¶ 20, 26, 41, 42. The SAC is also devoid of any specific facts to show how either defendant is vicariously or contributorily liable for copyright infringement.

Plaintiff further alleges without sufficient facts that SHEIN removed or falsified CMI on the accused products. The SAC does not specifically allege what constitutes CMI for each of the alleged designs, or what particular CMI was purportedly removed or falsified and/or from which product. *See generally* SAC ¶¶ 39-42. Instead, Plaintiff contends that the mere display of products on its website constitutes CMI, and the sale of clothing with similar designs by SHEIN gives rise to a separate and distinct violation under the DMCA – which, as explained below, is a legally deficient position.

## III.    LEGAL STANDARD

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion, courts accept "all well-

pleaded allegations of material fact" but are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

As with any other type of claim, courts may dismiss copyright claims at the pleading stage when those claims are deficient on their face. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018) (affirming dismissal at the pleading stage of copyright infringement claim), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *Star Fabrics, Inc. v. Zulily, LLC*, 2018 WL 5264360, at *2 (C.D. Cal. Apr. 17, 2018) ("When the works at issue are, as here, attached to the complaint, a defendant may contest substantial similarity on a motion to dismiss.").

## IV.    ARGUMENT

### A.    Plaintiff Cannot State a Claim for Copyright Infringement for at least 15 Designs Shown in Exhibit A to the SAC

"Not all copying . . . is copyright infringement." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To state a claim, Plaintiff must sufficiently allege 1) ownership of a valid copyright and 2) copying of *protected elements* of the copyrighted work. *Rentmeester*, 883 F.3d at 1116-17. "[A] defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work. To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Id.* at 1117. "[D]etermining whether works are substantially similar involves a two-part analysis consisting of the 'extrinsic test' and the 'intrinsic test.'" *Rentmeester*, 883 F.3d at 1118. Only the extrinsic test[] may be decided by the court as a matter of law . . . so that is the only test relevant . . . on a motion to dismiss." *Id.*

The extrinsic test "assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression." *Rentmeester*, 883 F.3d at 1118. The court must "'filter out' the unprotectable elements of the plaintiff's work" such as "ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard

features that are commonly associated with the treatment of a given subject).” *Id.* “The protectable elements that remain are then compared to corresponding elements of the defendant’s work to assess similarities in the objective details of the works.” *Id.*

Where a work is primarily unprotected (after filtering out all unprotectable elements) and entitled to only “thin” protection, a plaintiff must show those elements are “virtual[ly] identical” to establish infringement. *E.g., Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) (“When the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity.”); *see also Satava v. Lowry*, 323 F.3d 805, 811-12 (9th Cir. 2003) (holding the “combination of unprotectable elements” in glass jellyfish sculptures, i.e., “[t]he selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form,” were “commonplace” elements, where plaintiff held “a thin copyright that protects against only virtually identical copying” for the “copyrightable contributions”).

Here, the alleged copyrights are in the “two-dimensional artworks” shown on the products in Exhibit A, SAC ¶ 17, and do not encompass the garments themselves, which are utilitarian articles not subject to copyright protection. *See Mattel, Inc. v. MGA Entm’t, Inc.*, 616 F.3d 904, 916 n.12 (9th Cir. 2010) (“Human clothing is considered utilitarian and unprotectable.”); 17 U.S.C. § 101 (“‘Pictorial, graphic, and sculptural works’ . . . include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects”). Thus, use of the same or similar type of clothing is not a relevant factor to the infringement analysis, where Plaintiff’s copyrights are in the 2D artwork only.

### 1.    Plaintiff Cannot State a Claim for Copyright Infringement of Designs Which Depict Well-Known Works of Art in the Public Domain

“A valid copyright extends only to copyrightable subject matter.” *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017). “The mere fact that a work is copyrighted does not mean that every element of the work may be protected. . . . copyright protection may extend only to those components of a work that are original to the author.” *Feist*, 499 U.S. at 348. As a logical corollary, a defendant does not infringe by copying

material from the public domain. *See, e.g.*, *Skidmore*, 952 F.3d at 1069 (what "belong[s] in the public domain . . . cannot be exclusively appropriated by any particular author").

Plaintiff cannot assert copyright infringement of its "Da Vinci's Demons Mesh Top" (VA0002280496) which is a nearly identical copy of the 18th Century painting *The Four Seasons: Spring* by Francois Boucher (*see* Marenberg Decl., Ex. 1),[1] printed in reverse, with no protectable variation entitling Plaintiff to claim original authorship of what is otherwise a well-known public domain work of art. *See Feist*, 499 U.S. at 369 ("To qualify for copyright protection, a work must be original to the author."). As shown here:

| *The Four Seasons: Spring* | Plaintiff's alleged design |
|---|---|
|  |  |
| SHEIN's alleged product: | SHEIN's alleged product: |
|  |  |

SAC, Ex. A at 17. The mere fact that Plaintiff has reproduced Boucher's painting (in reverse) on a mesh top instead of a canvas does not meet the originality standard, which

---

[1] *See* accompanying Request for Judicial Notice ("RJN") at 1-3.

requires "something more than a 'merely trivial' variation, something recognizably the artist's own." *Satava*, 323 F.3d at 810; *see also L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir. 1976) ("to support a copyright there must be at least some substantial variation, not merely a trivial variation such as might occur in the translation to a different medium") (plastic reproduction of an original public domain cast iron toy bank was not a derivative work). Except for two dark patches that appear on the woman's chest in Plaintiff's design (but not in the original painting or incorporated in SHEIN's products), the SAC shows nothing more than a trivial variation from the public domain work. The accused products, as alleged, are therefore permissible copies of Boucher's painting, and liability cannot be imposed on SHEIN for allegedly reproducing a public domain work.[2]

Similarly, Plaintiff's "Moves like Water" design (VA0002284851) is derivative of Katsushika Hokusai's *Under the Wave Off Kanagawa* (circa 1830) (Marenberg Decl. Ex. 2), and simply reproduces the work in a repeating pattern, as shown in SAC, Ex. A at 8:



*Under the Wave off Kanagawa*

Plaintiff:

SHEIN:



The idea of repeating Hokusai's great waves on a long-sleeve top is not protectable.

---

[2] Plaintiff's use of a public domain work also undermines any presumption of validity conferred by its copyright registration. *See Express, LLC v. Forever 21, Inc.*, 2010 WL 3489308, at *6-7 (C.D. Cal. Sept. 2, 2010) (denying presumption of validity to plaintiffs where registrations failed to disclose they were "based on pre-existing designs"); *Gibson*, 11 F. Supp. 2d at 442 (holding failure to register design as a derivative work rebuts presumption of copyright's validity).

Plaintiff "may not prevent others from copying elements of expression that nature displays for all observers," such as waves which occur naturally in a periodic, repeating pattern. *Satava*, 323 F.3d at 812; *id.* at 810 ("The originality requirement mandates that objective 'facts' and ideas are not copyrightable."). "Similarly, expressions that are standard, stock, or common to a particular subject matter or medium" – like blue waves with white crests against a blue sky – "are not protectable under copyright law." *Id.* at 810 (plaintiff "may not prevent others from copying aspects of his sculptures resulting from either jellyfish physiology or from their depiction in the glass-in-glass medium"). The idea/expression dichotomy and scenes a faire doctrine therefore preclude Plaintiff from asserting infringement based on its '851 design.

Plaintiff's "Wild Card Mesh Top" (VA0002285920) is another design derived from a public domain work, namely, the Rider Waite Smith ("RWS") Tarot deck published circa 1910 (*see* Marenberg Decl. Ex. 3 at p. 14).[3] The only similarity between the parties' alleged works is the use of the "Sun" tarot card on the following items, *see* SAC, Ex. A at p. 3:

| "Sun" card | Plaintiff: | SHEIN: |
|---|---|---|
|  | |  |

Whereas Plaintiff's design copies the "Sun," "Strength," and "Lovers" RWS Tarot cards, SHEIN uses the "Sun," "Star," and "Empress" cards and in a completely different visual

---

[3] *See* RJN at 3. The RWS Tarot cards are in the public domain pursuant to the 1909 Act, which provided up to 56 years of copyright protection following publication.

arrangement. *See* Marenberg Decl. Ex. 3 at 12-14 (showing other RWS cards); *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 776-77 (9th Cir. 2018) (holding depictions of two crossing dolphins were similar only in unprotectable elements and therefore non-infringing). Even if Plaintiff's selection and arrangement of the RWS Tarot cards were "numerous enough" and "original enough" to warrant copyright protection, Plaintiff's design is at best subject to only "a thin copyright that protects against only virtually identical copying." *Satava*, 323 F.3d at 811-12. Because SHEIN's product uses a different selection of RWS Tarot cards, and arranges the images in completely different ways and locations on the garment, Plaintiff cannot establish virtual identity (or even substantial similarity) of its design.

### 2. The Merger and Scenes a Faire Doctrines Preclude Liability

"Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea. . . . Under the related doctrine of scenes a faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea . . . ." *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000). Moreover, "[f]amiliar symbols or designs" are not subject to copyright. 37 C.F.R. § 202.1.

Plaintiff's marble designs (VA0002284641, VA0002284849, and VA-2-284-382, *see* SAC Ex. A at p. 1, 9 and 14) are commonplace and not subject to copyright protection. *See Star Fabrics*, 2018 WL 5264360, at *3 (holding that zig-zags are unprotectable). Like zig-zags, marble designs "are the sort of expression that is 'standard, stock, or common to a particular subject matter or medium'—in this case, fabric design—and is hence 'not protectable under copyright law.'" *Id.*; *see also Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (holding what similarity existed was "inevitable, given the shared concept"). Any similarities are due to the "limited number of ways" to depict marbling (or the swirling of different colors) on fabric, and thus Plaintiff must prove virtually identical copying, which it cannot do because the marbling on the accused products are substantially

8

different. *See Star Fabrics*, 2018 WL 5264360, at *7; *see also Satava*, 323 F.3d at 811-12. As shown here and in Exhibit A, the colors are intermixed differently (e.g., the '382 design uses less orange/green/blue), and there is significant variation in the swirling patterns that spread in different directions:



Plaintiff holds only a thin copyright and cannot bar others from printing similar designs that are not virtually identical, on similar clothes that are not themselves copyrightable.

Nor can Plaintiff preclude SHEIN or others from depicting simple designs of hearts, strawberries, spiders, and barbed wires on clothes. Hearts are "familiar symbols or designs" that are not copyrightable under 37 C.F.R. § 202.1, and repeating red hearts against a pink background (*see* "Loyal Maneater" design, VA 2-284-380, SAC Ex. A at 15) are also common, stock designs for any Valentine's Day theme. *See Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, 2008 WL 2120500, at *3 (S.D. Cal. May 20, 2008) ("[C]opyright law does not entitle Plaintiff to a monopoly in the use of hearts or scrolls on women's handbags and fashion accessories."); *cf. Wiley v. Am. Greetings Corp.*, 762 F.2d 139, 141-

42 (1st Cir. 1985) (holding "red heart" was a "common basic shape, similar to a geometric design" and therefore "non-distinctive" under trademark law "given the heart shape's widespread use"). Indeed, the hearts velour hoodie was not original to Plaintiff, which advertised it was inspired by Megan Fox's outfit worn in *Jennifer's Body*.[4]

Equally commonplace are strawberry designs. Plaintiff alleges infringement of a pair of pink strawberries against a red background (VA 2-280-500, *see* SAC Ex. A at 5) and red strawberries with green stems against a pink background (VA0002283658, *see* SAC Ex. A at 24). But Plaintiff cannot claim a copyright in the physical attributes of strawberries, and the color schemes are obvious, natural choices for strawberries. "[N]o copyright protection may be afforded to . . . elements of expression that naturally follow from the idea" of a basic strawberry design, nor can Plaintiff "prevent other artists from using the standard and stereotyped elements" of objects that are in the public domain. *Satava*, 323 F.3d at 810 & 812 n.5. "[A] combination of unprotectable elements is eligible for copyright protection *only if those elements are numerous enough* and their selection and arrangement *original enough* that their combination constitutes an original work for authorship." *Id.* at 811 (emphasis added). The '500 design depicting just two standard strawberries is not sufficiently original. *See, e.g.*, *Skidmore*, 952 F.3d at 1071 ("We have never extended copyright protection to just a few [musical] notes"). The arrangements of strawberries in Plaintiff's alleged '658 design depicting seeded strawberries outlined in black against a pale pink background, and SHEIN's alleged design showing untraced, stubbier strawberries that are spread out more against a dark pink background, are also dissimilar and not virtually identical.

---

[4] *See* Marenberg Decl., Ex. 4 (DOLLS KILL, https://www.dollskill.com/products/loyal-maneater-velour-track-jacket (last visited July 4, 2022) (advertising design "cuz all the men are under Jennifer's spell," alluding to the film)), Ex. 5 at 35 (BUZZFEED NEWS, https://www.buzzfeednews.com/article/mariemlodi/jennifers-body-hoodie-2000s-fashion (noting "[b]oth Fine Girl and Dolls Kill have experienced success with their versions of the hoodie, but there has been contention between the companies about which came up with the idea first")). Statements on websites may be judicially noticed. *See* RJN at 4-5.

Like *Satava*'s jellyfish sculptures, Plaintiff's "Web of Sins" (VA0002297132) design of spiders in white silhouettes against a black background merely shows shapes of spiders in the manner they are physiologically depicted in nature, with elongated legs and rounded bodies. *See id.*, 323 F.3d at 811 (lifelike "proportion" and "stereotyped jellyfish form" were "commonplace" and "typical of jellyfish physiology"). Plaintiff similarly cannot preclude SHEIN or any other artist from depicting shapes of spiders in the same color scheme where these elements are common and the designs are not virtually identical. *See id.* at 810, 812 n.5 (plaintiff "may not prevent others from copying aspects of his sculptures resulting from either jellyfish physiology or from their depiction in the glass-in-glass medium"; "To give Satava a copyright on this basic combination of elements would effectively give him a monopoly on the idea of glass-in-glass sculptures of single vertical jellyfish"); SAC, Ex. A at p. 32 (showing different sized spiders arranged in different positions compared to Plaintiff's alleged work).

Moreover, liability must be premised on copying of *protected elements* of a copyrighted work. It does not follow that virtually identical (or substantially similar) copying of unprotected elements establishes infringement if the combination of those elements is not copyrightable. *See Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1041-42 (9th Cir. 2015) (holding that sequence of twenty-six yoga poses and two breathing exercises was not protected as a compilation where the sequence itself was "an idea, process, or system"); *Apple*, 35 F.3d at 1443 ("only those elements of a work that are protectable and used without the author's permission can be compared when it comes to the ultimate question of illicit copying"); *see also Satava*, 323 F.3d at 811 ("[I]t is not true that any combination of unprotectable elements automatically qualifies for copyright protection").

Two-dimensional depictions of barbed wires are also limited in the range of expression given the distinctive short spikes of wire that are intrinsic to their functionality. Plaintiff's "Danger Zone Chain" (VA0002283613), SAC Ex. A at p.21, does not add anything original to the industrial design of barbed wires, which Plaintiff cannot claim a

copyright to because it merely replicates the useful article itself – namely, the barbed wire. *See Todd v. Montana Silversmiths, Inc.*, 379 F. Supp. 2d 1110, 1113-14 (D. Colo. 2005) (ruling that plaintiff "failed to show what copyrightable feature(s) she has added to her work to separate it from ordinary public domain barbed-wire"; "Any expression contained in Plaintiff's work is a necessary concomitant of the idea of barbed-wire jewelry. As such, it may not be copyrighted."); *see also Sega Enters. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992) ("To the extent that a work is functional or factual, it may be copied, as may those expressive elements of the work that must necessarily be used as incident to expression of the underlying ideas, functional concepts, or facts.").

### 3. Plaintiff Cannot Claim Copyright Protection for Mere Ideas Where Expressive Elements of the Work are not Copied

Ideas are not copyrightable. *Satava*, 323 F.3d at 810; 17 U.S.C. § 102(b) (copyright protection does not "extend to any idea" or "concept"); *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010) ("[I]deas, scenes a faire (standard features) and unoriginal components aren't protectable. . . . [O]thers may freely copy a work's ideas (and other unprotectable elements) . . . ."). Yet for at least five of the alleged copyrighted works, Plaintiff contends that liability should be imposed because SHEIN's products use similar design concepts, even though the execution is entirely different, as shown here:

| Plaintiff's alleged works | SHEIN's accused products |
|---|---|
|  VA 2-283-095 (Ex. A at 5) |  |

| Plaintiff's alleged works | SHEIN's accused products |
|---|---|
|  VA0002286411 (Ex. A at 11) |  |
|  VA 2-283-886 (Ex. A at 11) |  |
|  VA0002280418 (Ex. A at 18) |  |

| Plaintiff's alleged works | SHEIN's accused products |
|---|---|
|  VA0002280419 (Ex. A at 18) |   |

The only similarity between the '095 design and SHEIN's sheer top is the use of filtered photographs in collages of landscapes and backgrounds, but none of the images are the same or even substantially similar as shown in the SAC.

The combination of Chinese dragons ('441 design) and butterflies ('886) with floral decorations share only a similar concept with SHEIN's alleged products, but the actual designs differ. First, there is nothing protectable about the use of Chinese dragons with flowers which has long existed in art history,[5] and the pairing of butterflies with flowers is a standard occurrence in nature. Second, the designs are not the same or even substantially similar. Plaintiff uses a prominent red/orange dragon positioned in the center of the design, with sparse, small flowers and butterflies gathering below the midsection of the dress, and a wreath of blue flowers surrounding the neckline. By contrast, SHEIN's dress uses multiple blue/green dragons interspersed throughout, with large, different flowers, and no wreath around the neckline. The butterfly designs are also dissimilar: the flowers surround SHEIN's butterfly, as opposed to Plaintiff's flowers that appear only below its butterfly. Any expressive, stylized attributes of Plaintiff's butterfly were not incorporated into SHEIN's product. *See, e.g.*, *Mattel*, 616 F.3d at 915 (ruling that "[t]he concept of depicting

---

[5] *See* Marenberg Decl., Ex. 6 (THE MET, https://tinyurl.com/yh26rbe4 (last visited July 14, 2022) (displaying an 11th-12th century "Tapestry with Dragons and Flowers," and noting "[p]lacing a dragon on flowers is most likely a Central Asian invention")).

a young fashion-forward female with exaggerated features . . . [is] unoriginal as well as an unprotectable idea"); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir. 1971) ("A jeweled bee pin is . . . an 'idea' that defendants were free to copy").

Similarly, Plaintiff's angelic cherubs in the '418 and '419 designs, which are grouped in pairs, are totally different from those in SHEIN's designs, which show them as single figures against the blue sky. Scenes of cherubs among floating clouds are standard, stock elements, such that any originality added by Plaintiff "must be considered 'trivial' under our case law." *Satava*, 323 F.3d at 812; *see also Folkens*, 882 F.3d at 776-77 (depictions of two crossing dolphins were similar only in unprotectable elements; held non-infringing).

Further, to the extent Dolls Kill claims it owns copyrights in any unique selection or arrangement of unprotectable elements in any of these designs, it failed to so allege, and Plaintiff's claims are deficient on that basis alone. *See Herbert*, 446 F.2d at 740 ("Although plaintiff's counsel asserted that the originality of the plaintiff's bee pin lay in a particular arrangement of jewels on the top of the pin, the elements of this arrangement were never identified."); *see also Skidmore*, 952 F.3d at 1075 ("presenting a 'combination of unprotectable elements' without explaining how these elements are particularly selected and arranged amounts to nothing more than trying to copyright commonplace elements").

### B.  Plaintiff's Claims of Secondary Liability Are Devoid of Any Facts

Even after two amendments (preceded by meet-and-confers between counsel), Plaintiff still fails to allege any specific facts to support what are bare, formulaic recitals of the elements for contributory and vicarious theories of liability. SAC ¶¶ 32-35 (alleging, on information and belief, that all defendants collectively "induced, participated in, aided and abetted in and profited from the illegal and/or subsequent sales of garments," and each "had the right and ability to supervise the infringing conduct because they had a direct financial interest in the infringing conduct"). Plaintiff's claims are therefore legally

deficient under *Iqbal/Twombly*.[6] *See Ludvarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (affirming dismissal of contributory infringement claim; "conclusory allegations that the [defendant] had the required knowledge of infringement [were] plainly insufficient"); *YellowCake, Inc. v. DashGo, Inc.*, 2022 WL 172934, at *8 (E.D. Cal. Jan. 19, 2022) (dismissing conclusory contributory and vicarious infringement claims); *Payne v. Manilow*, 2019 WL 4143308, at *4-5 (C.D. Cal. Apr. 2, 2019) (dismissing contributory infringement claims based on conclusory allegations); *Ledesma v. Del Records, Inc.*, 2015 WL 8023002, at *2 (C.D. Cal. Dec. 4, 2015) (dismissing vicarious liability claims devoid of facts to show defendant had "right to stop or limit infringement" and "failure to exercise that right").

In particular, liability for contributory copyright infringement "requires more than a generalized knowledge . . . of the possibility of infringement." *Luvdarts*, 710 F.3d at 1072-73 (holding that general notices that did not specifically identify infringing content were insufficient to plead knowledge element of contributory liability). Instead, "[c]ontemporary knowledge of which particular listings are infringing or will infringe . . . is necessary." *Kifle v. YouTube LLC*, 2022 WL 1501014, at *23 (N.D. Cal. May 12, 2022); *YZ Prods. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 763-64 (N.D. Cal. 2021) ("Plaintiff must allege facts to support the conclusion that Defendant had knowledge of specific acts of third party infringement."). While Plaintiff alleges that it contacted SHEIN and sent a cease-and-desist notice, the SAC does not (and cannot) actually plead that Plaintiff in any of these communications gave specific notice of each of the particular products that it claims is infringing. *See* SAC ¶¶ 22-23. These allegations therefore do not establish the requisite knowledge required for contributory infringement. *See, e.g.*, *YZ Products*, 545 F. Supp. 3d at 764 (finding that the complaint failed to establish knowledge because it "never

---

[6] A showing of "direct infringement by third parties" is a "threshold" to liability for contributory/vicarious infringement. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007); *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The secondary liability claims fail for the additional reasons discussed in the prior section.

1    allege[d] that Plaintiff notified Defendant of specific infringing products").

2    ### C.    Plaintiff Cannot State a Claim under the DMCA

3        Plaintiff's claim for alleged violation of 17 U.S.C. § 1202 fails because Plaintiff does

4    not and cannot allege that SHEIN falsified or removed "copyright management

5    information" ("CMI"). Plaintiff further cannot allege that SHEIN acted "*knowingly* and

6    with the *intent* to induce, enable, facilitate, or conceal infringement" in providing false

7    CMI, under section 1202(a); or that SHEIN "*intentionally*" removed or altered CMI and

8    did so "*knowing*, or, . . . having reasonable grounds to know, that it will induce, enable,

9    facilitate, or conceal an infringement," under section 1202(b).[7]

10        First, Plaintiff does not (and cannot) allege use of CMI on either the Plaintiff's

11   original works or SHEIN's accused products. Rather, Plaintiff alleges that its *website* (not

12   the works at issue) includes CMI, and that it further adds "the name 'Dolls Kill' on its tags

13   and products." SAC ¶ 39. Plaintiff similarly alleges that SHEIN attributes the accused

14   designs "to Shein or Romwe" on its websites and "in the name of certain products and on

15   its tags." *Id.* ¶ 41. But use of a trademark on a hangtag does not constitutes CMI, which

16   refers to authorship/ownership of a work and does not serve as an indicator of source of

17   the goods (i.e., use of a mark).[8] Plaintiff cannot maintain a claim under § 1202(a) or (b)

18

---

19   [7] To the extent Plaintiff asserts a claim under the distribution prongs of § 1202(b)(2)-(3),
20   which is unclear based on the vague allegations, that claim would equally fail because
     Plaintiff has not alleged anything beyond "general assertions" lacking in factual allegations
21   "identifying what CMI [defendants] allegedly distributed or how that was distributed, and
     without identifying what CMI was removed prior to distribution and how that distribution
22   was accomplished by defendants." *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162,
23   1175 (N.D. Cal. 2019) (dismissing claims under section 1202(b)(2) and (b)(3)).

24   [8] To the extent information such as "name[s], copyright notices, and/or metadata" (SAC ¶
     43) may constitute CMI, such information meets the content requirements of CMI only if
25   it is "conveyed in connection with" the works at issue. 17 U.S.C. § 1202(c). This
26   requirement connotes both spatial and contextual proximity to the copyrighted work at
     issue, which is not shown here where Plaintiff alleges vaguely that its "website includes
27   copyright management information for its designs" and defendants' "websites attribute the
     Subject Designs to Shein or Romwe." SAC ¶¶ 39, 41. Generalized attributions or even a
28   generic copyright notice on a website do not sufficiently constitute CMI. *See, e.g.*,

based on alleged use of SHEIN's mark on hangtags. *See, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 224 (2d Cir. 2020) (holding that the absence of plaintiff's name "Fischer" from an advertisement of a competing product did not mean that CMI was removed, because in context, "Fischer" was not CMI but instead part of the name of the plaintiff's product); *Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, 2018 WL 4830091, at *4 (S.D.N.Y. Dec. 4, 2018) (merely alleging pictures of infringing products bearing "Marc Jacobs" trademark on packaging, without more, was insufficient to plead that "Marc Jacobs" was false CMI, absent any non-conclusory "allegations that [defendant's] 'branding' signaled authorship or copyright ownership over the Plaintiffs' works"); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-35 (2003) (trademark law cannot give rise to a claim based on the unaccredited copying of a work). These attenuated allegations merely underscore that all Plaintiff has alleged is an infringement claim disguised as a DMCA claim in the hope of seeking double recovery for the same alleged violation. *See, e.g.*, *Michael Grecco Prods., Inc. v. Function(X) Inc.*, 2019 WL 1368731, at *3 (S.D.N.Y. Mar. 11, 2019) (plaintiff failed to state a DMCA claim where plaintiff merely alleged facts equally consistent with the defendant's unauthorized republication of a work, an act of infringement without a mental state requirement).

Second, Plaintiff cannot state a claim under § 1202(b) where SHEIN's accused works are not identical copies of Plaintiff's works (which is true for the vast majority of

---

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*, 804 F. App'x 668, 671-72 (9th Cir. 2020) ("Defendants' copyright notice did not meet the definition of CMI because it was not 'conveyed in connection with' Plaintiff's photos . . . [or] suggest that it was associated with or linked to Plaintiff's photos: Defendants' copyright notice was located at the bottom of the webpage," "was generic," "did not communicate that Defendants owned the photos," and "was not located on or next to Plaintiff's photos"); *see also Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1051-52 (S.D. Cal. 2016) (copyright notice on the same webpage as plaintiff's photos held "insufficient" to constitute CMI) (collecting cases), *aff'd*, 899 F.3d 666 (9th Cir. 2018); *Alan Ross Mach. Corp. v. Machinio Corp.*, No. 17-CV-3569, 2019 WL 1317664, at *3 (N.D. Ill. Mar. 22, 2019) ("websites generally do not claim ownership or authorship over an image just because the image appears on the website"). Similarly, a product name by itself is not CMI. *See Fischer*, 968 F.3d at 224.

the designs shown in Exhibit A to the SAC). "Based on the language and structure of the statute, . . . this provision applies only to the removal of copyright management information on a plaintiff's product or original work." *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (displaying thumbnails of plaintiff's images without CMI did not violate the DMCA), *aff'd and rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003). Thus, "[c]ourts have held that 'no DMCA violation exists where the works are not identical.'" *O'Neal v. Sideshow, Inc.*, 2022 U.S. Dist. LEXIS 79552, at *11 (C.D. Cal. Jan. 26, 2022) (citation omitted); *see also Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015) (holding that because architectural drawings were "not identical" the court could not "say that [the defendant] removed or altered [the plaintiff]'s copyright management information") *aff'd*, 700 F. App'x 674 (9th Cir. 2017). For the same reason, Plaintiff cannot state a claim for falsification of CMI because "[a] party that puts its own CMI on work *distinct* from work owned by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work." *Park v. Skidmore, Owings & Merrill LLP*, 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) (emphasis added) (dismissing false CMI claim because defendant's building was "unquestionably a distinct work from [Plaintiff's building]").

Third, the SAC is devoid of any facts affirmatively showing that SHEIN acted with the precise requisite intent or knowledge required under both DMCA claims. *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019) (holding that the claimant must plead "facts plausibly showing . . . this required mental state"). Here, Plaintiff again simply recites the two scienter requirements and fails to distinguish between defendants, which is insufficient to state a claim. *See Davis v. Pinterest, Inc.*, 2021 WL 879798, at *3 (N.D. Cal. Mar. 9, 2021) (disregarding conclusory scienter allegations); *Michael Grecco Prods., Inc. v. Time USA, LLC*, 2021 WL 3192543, at *6 (S.D.N.Y. July 27, 2021) (same); *Appsoft Dev., Inc. v. Diers, Inc.*, 2014 WL 3893316, at *4 (M.D. Fla. Aug. 8, 2014) (dismissing claim for removal of CMI where plaintiff only recited the scienter elements and failed to distinguish between defendants); *see also O'Neal*, 2022

U.S. Dist. LEXIS 79552, at *11-12 (dismissing CMI claim where plaintiff sufficiently alleged one scienter element but not the other).

Moreover, "the mental state requirement . . . must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *See Harrington v. Pinterest, Inc.*, 2021 WL 4033031, at *6 (N.D. Cal. Sept. 3, 2021) (citing *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018)). "A plaintiff bringing a Section 1202(b) claim must make an affirmative showing, such as by demonstrating [its] past 'pattern of conduct' or 'modus operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Harrington*, 2021 WL 4033031, at *6. Plaintiff "must offer more than a bare assertion that when CMI [] is removed, copyright infringement plaintiffs lose an important method of identifying a [work] as infringing." *Id.* Yet here, Plaintiff nowhere alleges that it "actually used CMI" in connection with their works "to prevent or detect copyright infringement, much less a 'pattern of conduct' or 'modus operandi' by [Plaintiff] involving policing infringement by tracking" that CMI. *Harrington*, 2021 WL 4033031, at *6 (granting motion to dismiss where plaintiff failed to allege "any facts to show that [defendant's] alleged distribution of photographs induced, enabled, facilitated or concealed any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future"). Absent such allegations, Plaintiff cannot establish that SHEIN removed or falsified CMI with specific intent or knowledge that doing so would facilitate infringement, if Plaintiff did not allegedly use its name or any other information it claims is CMI to detect infringement in the first place.

## V.    **CONCLUSION**

Plaintiff's claims remain legally deficient following two amendments of the complaint. Dismissal should therefore be granted without leave to amend because "repeated failure to cure deficiencies by amendments previously allowed justifies dismissal with prejudice." *Gardner v. Chevron Capital Corp.*, 715 F. App'x 737, 738 (9th Cir. 2018).

Dated:  July 14, 2022                    GREENBERG TRAURIG, LLP


                                        By:  /s/ Lori Chang
                                                Nina D. Boyajian
                                                Lori Chang
                                                Heather J. Silver
                                                David H. Marenberg
                                        Attorneys for Defendants Zoetop Business Co.,
                                        Ltd. and Shein Distribution Corp.