Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLS KILL, INC., a California corporation, <br><br> Plaintiff, <br> v. <br><br> ZOETOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; SHEIN DISTRIBUTION CORP., a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Case No.: 2:22-cv-01463-RGK-MAA <br> *Hon. R. Gary Klausner Presiding* <br><br> JOINT RULE 26(f) REPORT <br><br><br> Scheduling Conference: 8/29/2022 <br> Time:            9:00 a.m. <br> Courtroom:      850 |

- 1 -

JOINT RULE 26(f) REPORT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

## A.  STATEMENT OF THE CASE

<u>Plaintiff's Contentions</u>

Plaintiff is a leading global fashion retailer founded in 2011 that established itself as a global brand through strong social media presence and significant resources spent in developing and promoting its own original brands, products and designs featured and offered through its online e-commerce platform at *www.dollskill.com,* as well as Dolls Kill's own retail stores. Plaintiff alleges that it creates and purchases the exclusive rights to two-dimensional works of art for use on its own designs and fashion products. By having original artwork consistent with market trends, Plaintiff creates a demand for its services. Plaintiff demanded a jury trial in its complaint. Plaintiff has alleged that Defendants have engaged in infringing activity by creating, importing, manufacturing, distributing, purchasing, selling, and/or transferring apparel and fabric which violates Plaintiff's copyrights in fifty-five (55) original designs, (the "Subject Designs" in the operative Second Amended Complaint). Plaintiff also alleges that Defendants knowingly removed and added false copyright management information to its products resulting in concealing its own infringement.

Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $400,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to

JOINT RULE 26(f) REPORT

$150,000 per instance of infringement.

Defendants' Contentions

Defendant Zoetop Business Co., Ltd. was a global fashion and lifestyle e-tailer committed to making fashionable, on-trend products accessible to everyone. Zoetop sold products to U.S. consumers through the us.shein.com and us.romwe.com websites through July 31, 2021. Defendant Shein Distribution Corporation began selling products to U.S. consumers through us.shein.com and us.romwe.com starting August 1, 2021.

Defendants deny Plaintiff's allegations made in the Second Amended Complaint. As set forth in Defendants' pending motion to dismiss (ECF No. 26), Plaintiff's copyright infringement claims are overstated at best, as among Plaintiff's alleged works are designs that copy from public domain works and designs that bear no resemblance to Shein's accused products aside from sharing basic design concepts that are neither virtually identical nor substantially similar in any protectable elements of the work. Defendants further deny that they willfully or intentionally infringed Plaintiff's alleged works. Defendants purchase products and/or fabric patterns from third-party suppliers and manufacturers, which are sold without any alteration or modification. Additionally, Defendants deny Plaintiff's alleged designs bear copyright management information, and deny any copyright management information has been removed or falsified, or that any of Plaintiff's alleged designs have been distributed with removed or falsified copyright management information.

## B. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.  Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

- 3 -

JOINT RULE 26(f) REPORT

## C. <u>LEGAL ISSUES</u>

<u>Plaintiff's Contentions</u>

The legal issues in this case involve Plaintiff's ownership of the copyright in the Subject Designs and Defendants' infringement thereof, including Defendants' access to the Subject Designs and the substantial similarities between the Subject Designs and the designs of the Subject Products. Legal issues concerning heightened damages for willful infringement are also present.

<u>Defendants' Contentions</u>

Defendants deny liability on all claims asserted by Plaintiff. Defendants specifically deny that any alleged infringement was willful. Defendants purchase products and/or fabric patterns from third-party suppliers and manufacturers, which are sold without any alteration or modification. Defendants contend many purported designs asserted by Plaintiff are not copyrightable, including because the designs appear to copy famous public domain works or employ at most unremarkable combinations of commonplace design elements. Defendants contend many of Plaintiffs' copyright registrations are invalid for failure to disclose the extent to which their underlying designs are based on existing public domain works, and because the underlying designs lack originality. Defendants deny other alleged designs are substantially similar to designs on Defendants' accused products. None of Plaintiff's works were registered prior to the date of first alleged infringement, precluding any award of statutory damages or attorney's fees. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (denying award of statutory damages and attorney's fees where infringement commences before the date of registration).

JOINT RULE 26(f) REPORT

## D. DAMAGES

Plaintiff's Contentions

Pursuant to 17 U.S.C. § 501 et seq., Plaintiff is entitled to damages resulting from its (1) actual damages, (2) any additional profits realized by the Defendants, and (3) any further economic advantage realized by the Defendants through their infringement.

Plaintiff was denied profits it would have realized had it been lawfully hired to print the infringing fabric. Plaintiff will calculate lost profits damages after discovery. Plaintiff may also be entitled to statutory damages for willful infringement which would amount to up to $150,000 per instance of infringement. Plaintiff is also entitled to statutory damages available under 17 U.S.C. Section 1203.

Defendants' Contentions

Defendants deny that Plaintiff is entitled to damages for each of the alleged works. None of Plaintiff's works were registered prior to the date of first alleged infringement, so statutory damages and attorney's fees are not available for Plaintiff's infringement claims. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (denying award of statutory damages and attorney's fees where infringement commences before the date of registration). Defendants deny Plaintiff is entitled to any relief under 17 U.S.C. § 1203(c).

## PARTIES, EVIDENCE, etc.

The parties are Plaintiff Dolls Kill Inc.., and Defendants Zoetop Business Co., Ltd.; Shein Distribution Corp.; and Doe Defendants.

Should Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Designs, Plaintiff will move to add such entities

JOINT RULE 26(f) REPORT

as parties to this action in place of Doe Defendants.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

### E. INSURANCE

The parties do not have insurance coverage for the claims at issue.

### F. MANUAL FOR COMPLEX LITIGATION

The parties do not believe the manual for complex litigation will be necessary for this action.

### G. AMENDMENT OF PLEADINGS

Plaintiff's Contentions

Plaintiff may wish to move to add additional defendant should discovery reveal the involvement of currently unknown parties in the chain of infringement of Plaintiff's proprietary designs. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these Defendants.

Defendants' Contentions

Defendants may seek leave to assert counterclaims should discovery reveal grounds to invalidate Plaintiff's copyright registrations.

### H. DISPOSITIVE MOTIONS

Plaintiff's Contentions

Plaintiff anticipates filing a Motion for Partial Summary Judgement for Liability as to Defendants for copyright infringement by the deadline for dispositive motions.

Defendants' Contentions

Defendants anticipate moving for summary judgment on the issues of copyrightability of various asserted designs, lack of substantial similarity, lack of willfulness or intentionality, entitlement to statutory damages, and the lack of any

JOINT RULE 26(f) REPORT

violation of the Digital Millennium Copyright Act's protections of the integrity of copyright management information. Defendants also anticipate moving for summary judgment on potential counterclaims to invalidate certain of Plaintiff's purported copyright registrations at issue.

## I. STATUS OF DISCOVERY

The parties have yet to engage in an initial round of discovery but plan to do so by the end of November 2022.

## J. DISCOVERY PLAN

The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and entering into an appropriate stipulated protective order.

The parties reserve all objections to discovery propounded even if the subject matter is identified below.  Further, the parties reserve all rights to seek discovery outside of the subject matter identified below within the scope of discoverable material under Federal Rule of Civil Procedure 26(b)(1).

The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery.  The parties also anticipate that each party, as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. The parties anticipate these depositions being taken during the discovery period.

The parties agree to stipulate to and file a protective order regarding the disclosure of confidential information and documents in discovery.

*See* Proposed Dates below for applicable discovery deadlines.

Plaintiff's Contentions as to Subject Matter of Discovery

Plaintiff anticipates seeking sales and distribution information, including

- 7 -

JOINT RULE 26(f) REPORT

without limitation information concerning sales receipts, store-by-store asset allocation, profits attributable to the product at issue, as well as the development and authorship of the accused designs at issue.

<u>Defendants' Contentions as to Subject Matter of Discovery</u>

Defendants anticipate seeking discovery into Plaintiff's claimed independent creation and authorship of the alleged designs, its registered copyrights, annual sales of products incorporating Plaintiff's alleged designs, the chain of ownership and title in those designs, and materials referenced in the creation of those designs. Defendants also anticipate seeking discovery into Plaintiff's garment suppliers and distributors and into its alleged use of copyright management information. Defendants will seek discovery into the transfer of exclusive rights in the alleged designs to Plaintiff by third parties.

**K. <u>EXPERT DISCOVERY</u>**

*See* Proposed Dates below for applicable expert discovery deadlines.

**L. <u>SETTLEMENT CONFERENCE/ALTERNATE DISPUTE RESOLUTION</u>**

Plaintiff is amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

Defendants are amenable to ADR Procedure No. 3 under Local Rule 16-15.4.

**M. <u>TRIAL ESTIMATE</u>**

**<u>Plaintiff has requested a jury trial.</u>** Plaintiff estimates the trial in this matter to last **<u>between 2–3 court days.</u>**

**<u>Defendants request a jury trial on all issues so triable.</u>** Defendants estimate trial in this matter to last between 3-5 court days given the number of copyrights at issue.

**N. <u>TRIAL COUNSEL</u>**

Plaintiff's Trial Counsel: Scott Alan Burroughs, Trevor W. Barrett, and Frank R.

JOINT RULE 26(f) REPORT

Trechsel

    Defendant's Trial Counsel: Lori Chang, Nina D. Boyajian, Heather J. Silver, and David H. Marenberg.

### O. MAGISTRATE JUDGE

    The Parties do not consent to allow a magistrate judge to preside over this action for all purposes.

### P. INDEPENDENT EXPERT OR MASTER

    The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

### Q. EXPERT WITNESSES

    The parties have not yet determined if they will utilize any expert witnesses in this action.

### R. CLASS ACTIONS

    The Parties presently do not believe this case qualifies under a class action suit.

### S. OTHER ISSUES

    The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

### T. PROPOSED DATES

    <u>The Parties' Proposed Dates:</u>

- Trial:                                                    November 13, 2023
- Pre-Trial Conference:                    October 30, 2023
- Last day to file Motions to
  Amend Pleadings/Add Parties:    March 31, 2023
- Last Day to file Dispositive Motions: September 11, 2023
- Fact Discovery cut-off:                  May 31, 2023
- Opening Expert Disclosures:        June 30, 2023

- 9 -

JOINT RULE 26(f) REPORT

- Expert Rebuttal Disclosures:                  July 31, 2023
- Expert Discovery cut-off:                     August 31, 2023
- Mediation cut-off:                            May 31, 2023


        WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.


                                        Respectfully submitted,


Dated:  August 22, 2022          By:    /s/ *Frank R. Trechsel*
                                        Scott Alan Burroughs, Esq.
                                        Trevor W. Barrett, Esq.
                                        Frank R. Trechsel
                                        DONIGER /BURROUGHS
                                        Attorneys for Plaintiff


Dated: August 22, 2022           By:    /s/ *Nina D. Boyajian*
                                        Nina D. Boyajian
                                        Lori Chang
                                        Heather J. Silver
                                        David H. Marenberg
                                        GREENBERG TRAURIG, LLP
                                        Attorneys for Defendants Zoetop
                                        Business Co., Ltd. and Shein
                                        Distribution Corp.


        The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 22, 2022           By:    /s/ *Frank R. Trechsel*
                                        Frank R. Trechsel

JOINT RULE 26(f) REPORT