UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss [DE 26]

## I. INTRODUCTION

On June 30, 2022, Dolls Kill, Inc. ("Plaintiff") filed a second amended complaint ("SAC") against Zoetop Business Co., Ltd., d.b.a. Shein ("Shein"), and Shein Distribution Corp. ("Shein Distribution"; collectively, "Defendants"). (*See* SAC, ECF No. 23.) Plaintiff alleges claims for (1) copyright infringement, (2) secondary copyright infringement, and (3) violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202). (*Id.*) Presently before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 26.) For the following reasons, the Court **GRANTS** Defendants' motion **in part**.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff is a "leading global fashion retailer" and owns copyrights to 55 designs that are the subjects of this action (the "Subject Designs"). (SAC ¶ 11; *see* SAC, Ex. A.) The Subject Designs depict two-dimensional artworks, which appear on various clothing items that Plaintiff sells.

Defendants work in "fast fashion" and are known for "offering and distributing products at extremely low prices, and for producing products meeting the latest trends." (SAC ¶ 14.) Without Plaintiff's authorization, Defendants began selling clothing with designs that are substantially similar to the Subject Designs. Although Plaintiff notified Defendants of their infringement, Defendants continue to sell clothes that bear the infringing designs. The clothes that Defendants sell are nearly identical to Plaintiff's clothes in both style and design.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

### III. JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Defendants move to dismiss all three of Plaintiff's claims. The Court considers each claim in turn.

#### A. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright, and (2) copying of protected aspects of its work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff here sufficiently alleges ownership. Defendants challenge the second element, arguing that Plaintiff fails to sufficiently allege that Defendants copied protectable aspects of the Subject Designs.

"To allege actionable copying," Plaintiff must allege facts showing either (1) "that the two works in question are strikingly similar," or (2) "that the works are substantially similar and that [Defendants] had access to the [Subject Designs]." *See Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019). To determine similarity at the pleading stage, courts apply the "extrinsic test." *Id.* The extrinsic test "compares the objective similarities of specific expressive elements in the two works."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). It requires distinguishing between the protected and unprotected aspects of a plaintiff's work because the Copyright Act safeguards only *protected* aspects. *Id*. Courts further distinguish between "broad" and "thin" copyright protection. *Williams v. Gaye*, 895 F.3d 1106, 1120 (9th Cir. 2018). The "greater the range of creative choices that may be made, the broader the level of protection that will be afforded." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1121 (9th Cir. 2018), *rev'd on other grounds by Skidmore*, 952 F.3d at 1066. For instance, "there are gazillions of ways to make an aliens-attack movie," but "there are only so many ways to paint a red bouncy ball on blank canvas." *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010).

Defendants argue that many aspects of the Subject Designs are unoriginal because they exist in the public domain and therefore unprotectable. As such, according to Defendants, "liability cannot be imposed" and "Plaintiff cannot establish virtual identity (or even substantial similarity) of its design." (Mot. Dismiss at 6, 8.) While these issues are vital in a copyright infringement case, and can theoretically be decided following a motion to dismiss, the Court finds that they are premature at this juncture. They are more appropriately decided at summary judgment so long as Plaintiff has sufficiently stated a claim. The Court finds that it has.

Plaintiff alleges that the Subject Designs are "original," and that Defendants' designs are "identical or substantially similar" to the Subject Designs. (SAC ¶¶ 15, 16, 26.) Plaintiff also attaches, as an exhibit to its complaint, a side-by-side comparison of 55 clothing items sold by Plaintiff, which each bear one of the 55 Subject Designs, and clothing items sold by Defendants. (*See* SAC, Ex. A.) This exhibit plainly illustrates the striking similarities between the parties' works. Plaintiff's allegations, along with the exhibit, sufficiently state a claim of copyright infringement.[1]

### B. Secondary Copyright Infringement

Plaintiff also alleges that each defendant is liable for contributory and vicarious copyright infringement. To state a claim of contributory infringement, a plaintiff must allege that a defendant (1) either knows or has reason to know of the direct infringement, and (2) induces, causes, or materially contributes to the infringing conduct. *See Perfect 10, Inc. v. Visa Int'l Serv Ass'n*, 494 F.3d 788, 795–96 (9th Cir. 2007); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020, 1022 (9th Cir. 2001). Unlike

---

[1] In deciding a Rule 12(b)(6) motion, "a court may generally consider only allegations contained in the pleadings, exhibit attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Defendants ask the Court to take judicial notice of "Exhibits 1–6 to the Marenberg Declaration, the public domain status of the works depicted in Exhibits 1–3, and of commonplace or stock design elements referenced" in their motion. (Judicial Notice Request, ECF No. 27.) Having reviewed their request, the Court declines to take any judicial notice. Defendants did not satisfy their burden of establishing that the asserted facts are "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

a claim of contributory infringement, a claim of vicarious infringement lies "in the agency principles of *respondeat superior.*" *Perfect 10, Inc.*, 494 F.3d at 802. As such, a plaintiff must allege that the defendant has "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Id.*

Here, Plaintiff pleads the following to support its secondary infringement claim:

- Shein "knowingly induced, participated in, aided and abetted in and profited from" the alleged infringement. (SAC ¶ 33.)
- Shein is responsible for Shein Distribution's allegedly infringing conduct and vice versa. (*Id.*)
- Each defendant "had the right and ability to supervise the infringing conduct" and "had a direct financial interest in the infringing conduct." (*Id.* ¶ 34.)
- Shein "has obtained direct and indirect profits through [Shein Distribution's] infringement of the Subject Designs, and vice versa." (*Id.* ¶ 36.)

These allegations are either recitations of the elements of the claim, and therefore legal conclusions that need not be accepted as true, *see Twombly*, 550 U.S. at 555, or do not support an inference that either defendant is liable for contributory or vicarious infringement. Without more, Plaintiff fails to state a claim of secondary copyright infringement.

    C.    **Violations of the Digital Millennium Copyright Act**

Plaintiff alleges that Defendants violated section 1202(b) of the Digital Millennium Copyright Act ("DMCA").[2] The DMCA prohibits either intentionally removing or altering copyright management information ("CMI"), or distributing works while knowing that CMI has been removed or altered without authorization. 17 U.S.C. §§ 1202(b)(1), (3). CMI includes "identifying information" about the author or copyright owner of the work "conveyed in connection with . . . displays of a work." 17 U.S.C. § 1202(c). To violate the DMCA, a defendant must know, or have reasonable grounds to know, that its actions "will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b).

Here, Plaintiff alleges that its website includes "[CMI] for its designs that reflects its ownership and creation of said designs" and that its clothes have a tag bearing the name "Dolls Kill." (SAC ¶ 39.) It also alleges that Defendants do not include this information on their website or infringing products. These facts are not enough to adequately plead a DMCA violation.

---

[2] It is unclear from the complaint which section of the DMCA Plaintiff is invoking; but Plaintiff argues in its opposition that it states a claim under section 1202(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

The DMCA prohibits removing or altering CMI; it does not prohibit merely omitting CMI from an infringing work. *See* 17 U.S.C. § 1202(b)(1); *see also A'Lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*, 2012 WL 12921035, at *10 (C.D. Cal. Aug. 8, 2012) (finding allegations that defendant omitted CMI from illegal copies of plaintiff's jewelry insufficient to state a DMCA claim). Re-creating another party's work may be unlawful, but it does not necessarily implicate the DMCA because copying a work does not require the removal or alteration of CMI. The crux of Plaintiff's complaint is that Defendants are distributing knockoff products—*i.e.*, exploiting Plaintiff's designs to create imitations of Plaintiff's products. This alleged misconduct, standing alone, does not support an inference that Defendants removed or altered anything on Plaintiff's original work. *See Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (holding that section 1202(b) "applies only to the removal of [CMI] on a plaintiff's product or original work").

Furthermore, while there are certainly similarities between the parties' products, (*see* SAC, Ex. A), they are not exactly the same. "[C]ourts have found that no DMCA violation exists where the works are not identical." *Kirk Kara Corp. v. W. Stone & Metal Corp.*, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2022) (collecting cases and dismissing a DMCA claim because a "review of the side-by-side-images in the Complaint" revealed that "Defendant did not make *identical* copies of Plaintiff's works"). The differences between the parties' products undercut any inference that Defendants removed or altered Plaintiff's CMI. To find otherwise would be to speculate that by merely omitting CMI, Defendants must have necessarily removed it. The Court will not speculate.

Because Plaintiff failed to sufficiently allege removal or alteration of CMI, the Court finds that Plaintiff fails to state its DMCA claim.

**D.    Leave to Amend**

Plaintiff requests leave to amend. Rule 15 provides that "[t]he court should freely give leave when justice so requires," but leave to amend is not granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). In assessing the propriety of a motion for leave to amend, courts consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) whether the plaintiff has previously amended the complaint; and (5) futility of amendment. *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2012). The "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

The Court grants leave to amend the secondary copyright infringement claim but not the DMCA claim. Plaintiff cannot cure the DMCA claim without contradicting the current allegations that support its copyright infringement claim, so amendment would be futile. But additional facts could cure the claim of secondary copyright infringement. While Plaintiff has already amended its complaint twice,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01463-RGK-MAA | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Dolls Kill, Inc. v. Zoetop Business Co. et al* | | |

both amendments came before Defendants' response; so there does not appear to be any bad faith, undue delay, or prejudice to Defendants.

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss **in part**. The Court **DISMISSES** Plaintiff's claims for secondary copyright infringement and violations of the DMCA, granting **leave to amend** only the secondary copyright infringement claim. Plaintiff has until September 1, 2022, at 12:00 PM to file an amended complaint.

**IT IS SO ORDERED.**

_____ : _____

jre/k